Case number 25-1746 from the Eastern District of Arkansas, United States v. James Hall Mr. Lowry. Good morning, and may it please the Court, I'm Jeremy Lowry. I represent James Hall. Unless the Court has specific questions, because we have multiple claims running in limited time. You'll have to speak up for me. I will attempt to do so, Your Honor. I'm going to focus on our claims relating to jury instruction 14, which is the jury instruction relating to the charges under 18 U.S.C. 2422B. We have raised a claim which on first blush appears to look a little like an illustrative instruction claim. And I will open by acknowledging that this claim was not raised at the trial court. We are arguing plain error in regard to this claim. But I wanted to call to the Court's attention some specific issues regarding to this. With regard to counts 1 through 3, an instruction was given in instructions 10 and 13, which we would say is a correct substantial step instruction. It says a substantial step must be more than mere preparation. It must be less than the last act necessary before actual commission of the substantive crime. It talks about in order to be punishable as an attempt, it has to be of such nature that a reasonable observer viewing it in the context could believe that it was undertaken in accordance with a design to violate the statute. I would point out initially that instruction 14 doesn't contain this language. It's contained in instructions 10 and 13, but those instructions are count specific. Instruction 10 refers to count 1. Instruction 13 refers to counts 2 and 3. The instruction with regard to count 4 does not contain that language. What the instruction with regard to count 4 contains, and really the only discussion in count 4, is what appears to be an illustrative instruction. That says that you can consider travel to a location and make a determination as a jury. You may make a determination as a jury that travel to a location is a substantive step. The problem is, I think Judge Shepard has an opinion, United States v. Hensley, where it says, well, we're not so excited about these illustrative examples, but they're in the context of the entire statute. And so I don't see how we could say something's plain air when we allowed it in a previous case. Your Honor, there are a couple of points that I would make with regard to that. One, there's no evidence that the Hensley instruction did not contain the reasonableness substantive intent language as part of that count's instruction. No evidence? You mean you can't? I can't tell from the Hensley opinion whether that language was in that instruction or not, Your Honor. Did you go into what's left of a public file? I did not, Your Honor. Well, I assume the pleadings and maybe much of the evidence are there. No, Your Honor. I have not looked at the Hensley file, Your Honor. So it could be there? It could be there, Your Honor. It could be an instruction. We would argue that if that is the case, then Hensley was deficient in the same way that we would argue this case is deficient. But that would be for the en banc court, right? I mean, you know, if this is exactly the same as Hensley in terms of the instructions, then we can't do anything about it. If it were, Your Honor, I would agree that that would be an en banc issue. But in this specific situation, we believe we're arguing a little bit different position than was argued in Hensley. Hensley was purely an illustrative discussion case. In other words, it said we don't like illustrative instructions, but this illustrative instruction is a correct statement of the law, and therefore we're okay with that. I would point out there are factual distinctions in Hensley. First of all, Hensley is a situation in which he offered in the context of the factual dialogue in that case to actually pay to purchase the child before the travel was conducted. And I don't want to minimize our sufficiency argument on this issue. We have an argument that we have presented that travel alone is not a substantive step with regard to 2422. Now, this sounds complicated to me, so there's a question of what was present in Hensley that we might have to go to the briefs for. There's a question of how these things relate to one another in terms of, like, is this instruction here and how it relates to this other instruction? You know what I'm getting at? Could that be clear or obvious error? Clear or obvious error is when the case law says you cannot do X, and then the district judge does X, does exactly what the case law prohibits. And, Your Honor, where we would say there is clear, obvious error here is that in Instruction 14, which specifically is targeted to Count 4, there is no instruction that says there has to be a reasonable connection between the travel and the intent to entice. And I'm being very careful with that intent to entice language because we also have challenged the intent language in this instruction as also being deficient because it says intent to engage. And we cited the Nishki case on that issue. We believe there are multiple problems with this instruction, but with regard to the Hensley issue, we're not saying simply this illustrative instruction creates prejudice or something like that. What we're saying is that it's the only instruction here that defines substantial step, and that that is inherently a misstatement of the law, where it's the only instruction in Instruction 14 that defines substantial step. And we said in our brief specifically that the jury was instructed that regarding the crime alleged under Instruction 14, it could find substantial step based on the mere doing of a specific act without any consideration of how a reasonable observer would view that act in context. And it's that second half that we're raising here that we believe distinguishes this from what's stated in Hensley. And in that regard here, we also would point out that the facts, if the court looks at the facts as stated in Hensley as opposed to the facts that are presented here, the government has argued that the defendant expressed a, quote, interest and traveled. That's the sum total of the government's argument in response. That's the sufficiency in this case. Our position is that an interest is not the same thing as intent to entice, and that particularly given the deficiency of this instruction with regard to the facts in this case, that there's a serious possibility based on the way this is presented that a jury would simply have found, well, he drove to a location and they had talked about this, and that's enough. And we're saying that's not enough for conviction, and that's not consistent with the model instructions. It's not consistent with clear case law on what is required for proof of attempt. And that's our primary issue, and I believe I'm out of time, Your Honor. Thank you. Ms. Bryant. Good morning. May it please the Court, my name is Kristen Bryant, and I represent the United States in this case. And as Judge Strauss pointed out, the Hensley case pretty much forecloses this. Hensley was reviewed under an abusive discretion standard, whereas here we have a plain error standard. In Hensley, the Court specifically stated that the instruction there that you could find that by driving to a specific location could constitute a substantial step. And we took the Court's opinion in Hensley that those sorts of instructions, while that was permissible in that case, they weren't favored. So we made it even more permissible in our instruction that we gave, which was you may, but are not required, to find that driving to a location constitutes a substantial step. So we tried to make it even more permissive in this case. It was not objected to at the trial court level, and this Court, when looking at it under a plain error standard, should uphold the district court's giving of that instruction. Why use it at all? I get it, but why? It wasn't the permissiveness of the language, at least as I read Hensley. It was like, you really shouldn't be doing this. You should give other kinds of instructions that define substantial steps. It was, we don't like illustrative examples. And so why even use it here? Why even tempt fate that there could have been an error? Because, Your Honor, when reading Hensley and looking at the fact that this Court said that the district court can give instructions to help assist the jury's understanding, I think a substantial step is a difficult concept for a jury to understand. And so by giving an instruction that this Court has approved and has blessed, coupled with the instruction that Hensley noted and that the district court in this case gave, that you should not take anything I have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be. Now, as a matter of first principles, even aside from Hensley, I think there's a problem with using an example that's actually in the case. Like, it'd be one thing as an illustrative example to say, making a phone call or whatever. I mean, something that wasn't, and that's not even a good example. But the point is, give an example of something else that might be a substantial step instead of essentially, and I think this is opposing counsel's argument, if you literally make the illustrative example non-illustrative and make it part of the case, which is like things that happen in this case, then you risk the directing the verdict problem. I understand what you're saying, Your Honor, but especially under a plain error standard. No, I don't disagree with that. That saves you here. But what I'm saying is, it's probably not a good idea after we sort of threw out that warning. I understand, and I think that's why we tried to make the instruction even broader by saying you may, but are not required to find that driving to a specific location constitutes a substantial step. This court has held in multiple cases that that is a substantial step, is a correct statement of the law. I think if the court had not held that in a multitude of cases, that giving that permissive instruction may be crossing the line. But because it is such a clear, it's been clearly defined in the case law, given the way that we gave the instruction, that it doesn't assert the jury's fact-finding mission. Well, an example, I thought of a better example. So, for example, in this type of case, saying buying a gun on the way to a conspiracy to commit a gun crime or murder is a substantial step, right? That's different because you're not relating it to the facts of the case. So, you know, it just boggles my mind that you went down that road, but go ahead. I'm heeding your warning. I understand your message, Your Honor.  And then to Mr. Lowery's last point where he's talked about that, well, the defendant just expressed an interest in the travel. I think that is belied by Government's Exhibit 2, where he specifically asked, where do you want me to meet you? The undercover agent says, I want you to meet me at Target. And then Mr. Hall shows up at Target and is trying to determine whether or not Agent Hurst is an undercover agent or if he's really a father willing to give up his child for sex. So, to say that we just said he had an interest in traveling, I think that that's belied by the record at the lower court. And unless there are any other questions, I would surrender the balance of my time. Thank you.  I agree that substantial step is difficult for a jury to understand. I'll agree with that much. I would again point out that this is not just an illustrative instruction, but the only instruction on substantial step in Instruction 14 with regard to Count 4. We don't have the rest of it. We also disagree that the case law generally stands for the proposition that travel by itself is sufficient to constitute a substantial step. I would cite the Harcow case, which I believe, which we cited, that says a defendant takes a substantial step towards enticement when the defendant arranges to meet the minor at a particular time and place and travels to the designating meeting place with evident sexual interest. And it was that nexus that we're saying the jury wasn't really instructed on here. The jury was simply told all we have to prove is that he traveled. I'm not seeing that in your table of authorities. Harcow is in our reply brief in response to the argument the government made with regard to that issue, Your Honor. It's on our page 5 of our reply brief. I didn't get to that. Go ahead. I'm sorry. I just wondered if we needed a 28-J, but we don't. Okay. And we dealt with several of the government's cases showing that nexus requirement between travel and substantial step. And we're not conceding that travel by itself. We've raised the Nitschke issue on this as well and argued that travel is really outside the scope of this specific statute, which involves enticement. It involves, and we've cited several cases that talk about this, including the Hofus case out of the Ninth Circuit, which says that Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. And so even in addition to the other issues, we would argue that, and we have argued that the intent requirements in this instruction don't match the statute. But in regard to the substantial step issue, we do not believe that simply that finding, that he traveled to a location, is sufficient under the case law to establish the substantial step. Thank you, Your Honor. Excuse me. Yes. In the Hensley opinion, there's a statement that at the argument in that case, that it was represented that the use of illustrative examples was a common practice in the Eastern District of Arkansas. Yes, Your Honor. Is that a common practice? Your Honor, I'm primarily an appellate lawyer, and I don't practice in the district court much in the Eastern District, so I really don't have any general knowledge of that. I do not. I just ask because we made that statement, and we had some language that discouraged the use, and I was just curious whether that has been taken to heart. Well, Your Honor, I would say in this case it has not, because it was used here in multiple instructions. Thank you. Thank you. If nothing further, thank you, Your Honor. Thank you, counsel. The case has been thoroughly briefed, and the argument has been specific and helpful. And it doesn't foreclose the other issues. We'll take them all under advisement.